UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW U.D. STRAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-1015-RLY-DKL |
| ) | |
| INDIANA SUPREME COURT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### Entry and Order on *Plaintiff's Motion for Recusal* [dkt. 36] and *Motion for Leave to Amend* [dkt. 42]

Plaintiff Andrew U.D. Straw filed his *Complaint* against the Indiana Supreme Court and three of its employees, Brenda Franklin Rodeheffer, Lilia Georgiev Judson, and Kevin Sean Smith, as well as the Equal Employment Opportunity Commission ("EEOC") on June 28, 2015. Straw alleges violations of the Americans with Disabilities Act ("ADA"), his due process right, equal protection, and his right to petition the government under the First Amendment. He brings the constitutional tort claims pursuant to 42 U.S.C. § 1983. He seeks compensatory and injunctive relief. Plaintiff has filed a *Motion for Recusal*, seeking recusal of the undersigned Magistrate Judge, and a *Motion for Leave to Amend*, requesting the Court to allow him to file his proposed *Third Amended Complaint*. Chief Judge Richard L. Young has referred these motions to the undersigned for ruling.

*Background*

Straw, a lawyer proceeding *pro se*, filed his *Complaint* on June 28, 2015, and filed an *Amended Complaint* on June 30.[1] Without seeking leave of Court, he filed a *Second Amended Complaint* on July 2. The *Second Amended Complaint* is brought against the Indiana Supreme Court, and its employees Rodeheffer, Judson, and Smith, individually and in their official capacities, alleging violations of Straw's rights under Titles I, II, and IV of the ADA (Count I), and pursuant to 42 U.S.C. § 1983, violations of the First Amendment and the Equal Protection Clause (Count II).[2] The complaint alleges a violation of the Fifth Amendment's Due Process Clause against the EEOC based on its alleged failure to investigate Straw's EEOC complaint (Count III).

The complaint alleges that Rodeheffer filed a disciplinary complaint against Straw and that the Indiana Supreme Court denied transfer in Straw's lawsuit against the Indiana Democratic Party alleging disability discrimination, all in retaliation for Straw's disability rights work. [*Second Am. Compl.* ¶¶ 137, 139, dkt. 8.] Straw filed a petition for redress of grievances with the Indiana Supreme Court and the Court referred the petition to Rodeheffer for review. [*Id.* ¶ 138.] The complaint alleges "a long and consistent pattern of disability-based employment discrimination." [*Id.* ¶ 143.] The complaint states that "[f]iling a disciplinary complaint based on [Straw's] disability alone was meant to injure. Sharing that complaint's existence with a lawyer who was suing [Straw] for

---

[1] Hereinafter, unless otherwise specified all dates refer to 2015.
[2] The complaint refers to Title IV of the ADA which concerns telecommunications, but yet alleges retaliation. Thus the Court understands Plaintiff as intending to refer to Title V of the ADA, which is the retaliation provision, and will therefore refer to Title V in this Entry.

malpractice was also meant to injure." [*Id.*] Count I seeks money damages and injunctive relief. [*Id.* ¶ 148.] Count II seeks money damages. Count III money damages and injunctive relief.

Summons were issued to Defendants on July 15. Plaintiff filed proofs of service, stating that he "sent the summons, complaint, and exhibits by Certified First Class U.S. Mail, with electronic mail return receipt" to the Indiana Supreme Court, Judson and Rodeheffer, and that the "[r]eceipt indicated service happened on 7/22/2015." [Dkt. 11.] Plaintiff filed a proof of service on the EEOC, indicating that he "sent the summons, complaint, and exhibits by Certified First Class U.S. Mail, with electronic mail return receipt" to "EEOC, c/o U.S. Attorney Josh Minkler" and that "service happened on 7/28/2015." [Dkt. 12.] Plaintiff indicated that he "sent the summons, complaint, and exhibits by Certified First Class U.S. Mail, with electronic mail return receipt" to Smith and service on Smith occurred on "8/3/2015." [Dkt. 13.}

On August 13, Plaintiff filed a motion for clerk's entry of default against the Indiana Supreme Court, Judson, and Rodeheffer. The undersigned denied that motion as premature and granted the Indiana Supreme Court, Judson, Rodeheffer, and Smith (the "State Defendants") additional time within which to file a responsive pleading. Plaintiff subsequently sought review by Chief Judge Young, who concluded that the undersigned did not err in calculating the deadline for filing responsive pleadings and that granting additional time was within the Magistrate Judge's discretion. [*See* Dkt. 48.]

On September 14, the State Defendants filed their *Motion to Dismiss Plaintiff's Second Amended Complaint*, seeking dismissal pursuant to Rules 12(b)(1), 12(b)(5), and

3

12(b)(6). [*See* dk.t 23.] The State Defendants argued that the Title I ADA claims against them fail because Plaintiff did not file a Complaint with the EEOC within the time allowed and failed to commence this action within the limitations period; that the Eleventh Amendment bars his Title I ADA claims against the Indiana Supreme Court to the extent he seeks compensatory damages; that his ADA claims against the individually named State Defendants fail because they are not "employers" under the ADA and there is no individual liability under Titles I, II, and V of the ADA; that the Complaint fails to state a claim upon which relief may be granted under the ADA or First Amendment; that it is barred by the jurisprudential doctrine of waiver; and that Plaintiff failed to properly serve and has insufficient service of process on Defendants. Plaintiff has filed a response brief and the State Defendants filed a reply.

On September 26, Plaintiff filed a motion for Clerk's entry of default against the EEOC. Chief Judge Young denied this motion because the EEOC had not been properly served and the EEOC timely filed a motion to dismiss the Second Amended Complaint. The Court's Entry noted that "[t]o serve a United States agency, 'a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.'" [*Entry on Pl.'s Request for Clerk to Enter Default Against the EEOC*, dkt. 49 at 1 (quoting Fed. R. Civ. P. 4(i)(2)).] Judge Young stated that although Plaintiff sent a copy of the summons and complaint to the U.S. Attorney's Office and U.S. Attorney General, he did not send a copy to the EEOC, as required by Fed. R. Civ. P. 4.

4

On September 28, the EEOC filed a motion to dismiss, arguing that the complaint against the EEOC should be dismissed for lack of subject matter jurisdiction, for failure to state a claim, and for insufficient service of process. [*See* dkt. 29.] More specifically, the EEOC contended, among other things, that sovereign immunity barred Plaintiff's suit for money damages and neither Title VII nor the ADA provides a jurisdictional basis for the claim against it. The EEOC also argued that Plaintiff failed to state a claim for an alleged due process violation based on its failure to properly investigate his administrative charge and that neither Title VII nor the ADA provided an express or implied cause of action against it for its alleged failure to process a charge of discrimination. Plaintiff filed a response, and the EEOC filed a reply.

On October 1, Plaintiff filed his *Motion for Recusal*, seeking recusal of the undersigned pursuant to 28 U.S.C. § 455. [Dkt. 36.] The motion asserts that one of Plaintiff's alleged injuries "involves an irrational decision by the senior counsel of the Indiana Civil Rights Commission" ("ICRC") and that "it has come to my attention that the Magistrate Judge has served in a senior capacity at the ICRC." [*Mot. Recusal*, dkt. 36, ¶ 1-2.] Plaintiff states that "the Magistrate Judge may be partial to the Defendant, given the factual background of the case in which Defendant upheld irrational decisions of the ICRC, where the Magistrate Judge worked." [*Id.* ¶ 3.] He notes that the Magistrate Judge gave the State Defendants additional time within which to file a motion to dismiss despite his request for the Clerk's entry of default. [*Id.*, ¶ 4.] He adds that "28 U.S.C. § 455(b)(1) also provides for recusal if the Magistrate Judge is biased against a party." [*Id.*, ¶ 5 at 2.]

On November 16, Plaintiff filed his *Motion for Leave to Amend*, seeking leave to file a *Third Amended Complaint*. [*See* dkt. 42.] The motion states that the changes to the *Second Amended Complaint* "include the addition of the Rehabilitation Act of 1973, § 504, everywhere the [ADA] was mentioned." [*Mot. Leave Amend*, Dkt. 42, ¶ 1.] The proposed amendment also includes "some additions to how [Straw] intend[s] to use any money obtained as a result of the lawsuit." [*Id.*, ¶ 2.] In addition, it provides further information about the Indiana Supreme Court's alleged falsification of its 2001 and 2002 annual reports. Defendants oppose the motion for leave to amend on several grounds, including futility of amendment. The EEOC also contends that the proposed amendments as described in the motion for leave to amend are unclear and inconsistent with the proposed complaint and that the proposed amendments fail to state any new claims against the EEOC.

On December 15, Plaintiff filed a "Notice of Service," stating that on that same day, he served "the EEOC, Counselor Ashley Martin" at "131 M Street, NE, Washington, DC, 20507" "with a 'copy' of the summons and complaint … that was served on the Attorney General and the District Attorney in the Southern District of Indiana." [*Notice of Service*, dkt. 50 at 2.] The Notice continues: "This 'copy' consists of a DVD with the copies of the summons, original complaint, all of the exhibits, and the second and third amended complaints, as proposed, with exhibits. Everything is in Adobe PDF format." [*Id.*]

*Discussion*

A. *Motion for Recusal*

Plaintiff seeks recusal of the undersigned. "Any ... judge ... shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The purpose of the statute 'is to preserve the appearance of impartiality.'" *Weddington v. Zatecky*, 721 F.3d 456, 461 (7th Cir. 2013) (quoting *United States v. Johnson,* 680 F.3d 966, 979 (7th Cir. 2012)). The statute also requires a judge to recuse herself if, among other things, she has "a personal bias … concerning a party …." 28 U.S.C. § 455(b)(1).

In his *Motion for Recusal*, Plaintiff states that the undersigned may be partial to the Defendant "given the factual background of the case in which Defendant upheld irrational decisions of the ICRC, where the Magistrate Judge worked." [Dkt. 36, ¶ 3 at 2.] He notes that the undersigned granted the State Defendants additional time within which to file a motion to dismiss despite his request for the Clerk's entry of default, [*Id.*, ¶ 4 at 2], adding that "§ 455(b)(1) also provides for recusal if the Magistrate Judge is biased against a party." [*Id.*, ¶ 5 at 2.]

The undersigned worked as a staff attorney at the ICRC from 1989 until May 1994. Thus the undersigned's employment with the ICRC occurred long before any of the alleged discrimination or retaliation in this case and any involvement by the ICRC in the facts underlying Plaintiff's complaint, the latter which allegedly began at the earliest in 2012 and continued into 2014 [*see Second Am. Compl.* ¶¶ 132-135, dkt. 8]. The undersigned's past employment with the ICRC does not create an appearance of

7

impartiality; nor does it reasonably suggest that the undersigned has a personal bias against any party. Furthermore, District Judge Young has determined that the undersigned acted within her discretion in extending the time for the State Defendants to respond to the complaint. [*Entry on Pl.'s Mot. Reconsider*, dkt. 48 at 3.] Granting the brief extension of time does not require recusal. The Court finds that Plaintiff's motion for recusal should be denied.

### B. Leave to Amend

Plaintiff seeks to amend his complaint. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, where there is a good reason such as undue delay, undue prejudice to the defendants, or futility of amendment, the district court does not abuse its discretion in denying leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). Futility is determined by considering whether the amendment would withstand a motion to dismiss for failure to state a claim. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The *Motion for Leave to Amend* describes the proposed amendments to the *Second Amended Complaint* as follows: (1) the addition of the Rehabilitation Act of 1973, § 504, *see* 29 U.S.C. § 794, everywhere the ADA was mentioned; (2) further explanation of how

8

Straw intends to use any money he obtains from the lawsuit; and (3) additional information regarding the Indiana Supreme Court's alleged falsification of its 2001 and 2002 annual reports.

The EEOC opposes the motion, arguing that the proposed amendments as related to the EEOC are futile and fail to cure the deficiencies in the *Second Amended Complaint*. The EEOC is correct in asserting that the proposed amendments are inconsistent with the proposed complaint: it does not add reference to the Rehabilitation Act wherever the ADA is mentioned. For example, the ADA is mentioned in ¶ 155 of the *Second Amended Complaint*, but ¶ 155 of the proposed complaint does not refer to the Rehabilitation Act. The Court, however, understands that Plaintiff intended to include claims under the Rehabilitation Act against the Indiana Supreme Court, not the EEOC, which would explain why the count against the EEOC does not mention the Rehabilitation Act, despite the assertions in the motion for leave to amend. The EEOC is also correct that the proposed complaint fails to state a new claim against it, and leave to amend can be denied if the proposed amendment fails to state a new claim. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 739 (7th Cir. 2002).

Because the proposed amendments do not add any new claims against the EEOC, the Court considers whether the *Second Amended Complaint* can withstand a motion to dismiss for failure to state a claim. The Court concludes that it cannot.

To begin with, the Court lacks subject matter jurisdiction over the claim against the EEOC. Sovereign immunity bars the constitutional tort claim for money damages against the EEOC. *FDIC v. Meyer,* 510 U.S. 471, 485–86 (1994) (holding that Fifth

Amendment Due Process claim for monetary damages cannot be brought against a federal agency); *Cortez v. EEOC*, 585 F. Supp. 2d 1273, 1292 (D.N.M. 2007) ("Sovereign immunity bars the claims by [plaintiff] seeking monetary damages for alleged tortious violations of the Constitution by the EEOC…."). The regulation that Plaintiff alleges the EEOC violated, 29 C.F.R. § 1601.15(a), does not confer jurisdiction on the Court. Only Congress has the authority to invest the lower federal courts with jurisdiction. *Palmore v. United States*, 411 U.S. 389, 401 (1973); *Old Nat'l Trust v. United States*, No. IP 99-1204-C-T/F, 2002 WL 1396166, at *1 (S.D. Ind. May 22, 2002) ("Simply put, unless some statute authorizes this court to decide this matter, and that statute comports with Article III of the Constitution, this court lacks jurisdiction to affect the dispute.").

Moreover, the *Second Amended Complaint* fails to state a claim of a deprivation of due process in violation of the Fifth Amendment against the EEOC. "It is well established that a private-sector employee has no cause of action against the EEOC for its failure to process a charge of discrimination. The proper course for a private plaintiff whose claim the EEOC [allegedly] mishandled is to bring a lawsuit against the plaintiff's employer on the merits, not one against the EEOC." *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000) (citations omitted); *see also McCottrell v. Equal Empl't Opportunity Comm'n,* 726 F.2d 350, 351 (7th Cir. 1984) ("It is settled law, in this and other circuits, that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge."). Besides, when an agency does not adjudicate or make binding decisions, Fifth Amendment rights are not infringed. *Hannah v. Larche*, 363 U.S. 420, 441 (1960). Here, the EEOC's investigation was not adjudicatory and did

10

not result in a binding decision; thus, the investigation did not constitute an actionable wrong under the Fifth Amendment. *Stewart v. Equal Emp't Opportunity Comm'n*, 611 F.2d 679, 681-82 (7th Cir. 1979). Therefore, Straw has failed to state a claim against the EEOC for a violation of his Fifth Amendment due process rights and the proposed amendment, which would merely assert the same claim, is futile.

The State Defendants also oppose Plaintiff's motion for leave to amend, contending that his proposed amendment is futile because it does not correct the deficiencies in the *Second Amended Complaint*. First, they argue that adding a claim under Section 504 of the Rehabilitation Act would be futile because courts apply the same standard to such a claim as they apply to a claim under Title II of the ADA, and Plaintiff has failed to state such a claim. They also argue that adding additional information about how Straw intends to use any relief obtained is unnecessary and insufficient to allow an amendment. A court does not abuse its discretion in denying a motion for leave to amend that does not add a new claim but merely adds argument supporting a claim. *See 188 LLC*, 300 F.3d at 739.

First, there is a question of whether Plaintiff's service of process on the State Defendants was sufficient. Federal Rule of Civil Procedure 4 states that an individual may be served by "following state law for serving a summons … where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). This Court sits in Indiana and the State Defendants were served in Indiana. Indiana Trial Rule 4.1 provides: "Service may be made upon an individual, or an individual acting in a representative capacity, by (1) sending a copy of the summons and complaint by registered or certified

11

mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter…." Ind. T.R. 4.1(A)(1). Indiana Trial Rule 4.6 provides for service on a governmental organization "upon the executive officer thereof and also upon the Attorney General." Ind. T.R. 4.6(A)(2). "Indiana Trial Rules 4.1 and 4.6 combine to allow the use of certified mail to serve an individual that is part of a governmental organization by mailing the documents to his or her place of business or employment with return receipt requested." *Moreno-Avalos v. City Hall of Hammond, Ind.*, No. 2:13-CV-347-TLS, 2014 WL 3894349, at *2 (N.D. Ind. Aug. 8, 2014) (citing Ind. Trial R. 4.1(A)(1) & 4.6(A)-(B)); *see also Best Chairs Inc. v. Factory Direct Wholesale, LLC*, No. 3:14-CV-00067-RLY, 2015 WL 4641698, at *2 (S.D. Ind. Aug. 4, 2015) ("[S]so long as service of process was mailed … and a return receipt is signed and returned showing receipt of the letter, service by mail is effective[.]"). Plaintiff mailed the summons and complaint to the individual State Defendants by certified mail, but apparently did not request written acknowledgement of receipt, and no receipt was returned showing receipt. And he served the summons to the Indiana Supreme Court and Attorney General on the Governor's Office. The service of process on the State Defendants is insufficient.

Furthermore, there are several reasons why the proposed amendments would be futile. Most, if not all, of Plaintiff's Title I ADA claim would time-barred.[3] A plaintiff

---

[3] Title I provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge

12

bringing an action under Title I of the ADA must first file an EEOC charge and receive a right-to-sue letter. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(e). "An EEOC charge must be filed within 300 days of the allegedly unlawful employment practice, or the plaintiff's claim is barred." *Carlson v. Christian Bros. Servs.*, No. 15 C 1154, 2015 WL 7568452, at *2 (N.D. Ill. Nov. 25, 2015) (citing 42 U.S.C. § 2000e–5(e)(1)). The State Defendants assert, and Plaintiff does not deny, that he filed his charge of discrimination with the EEOC on December 4, 2014. His original complaint in this action was filed on June 28, 2015. The allegations against the State Defendants cover matters that occurred from 2001 through March 2014. To the extent Plaintiff's claims are based on acts that occurred more than 300 days before the filing of his EEOC charge, it would be barred.

It seems that the only employment discrimination claim that would not be time-barred would be a claim based on Straw's request in March 2014 to the Indiana Supreme Court to be hired to address disability rights matters. [*Second Am. Compl.*, dkt. 8, ¶ 73.] To state a claim under Title I of the ADA, a plaintiff must allege sufficient facts to show, among other things, that he suffered an adverse employment action because of his disability. *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013). Brenda Rodeheffer's letter to Straw, which is attached to the *Second Amended Complaint* as *Exhibit V*, shows that the Indiana Supreme Court was not seeking to fill such a position at that time. [*Id.*, Ex. V.] Because Straw did not seek to fill an open position, he cannot establish

---

of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

13

that an adverse employment action was taken against him with regard to his March 2014 request for employment.

Further, to the extent that Plaintiff seeks damages against the Indiana Supreme Court for violations of Title I of the ADA, his claim is barred by the Eleventh Amendment. *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 374 n.9 (2001). Individuals cannot be liable under Title I of the ADA unless they are "employers" as defined by the Act, *EEOC v. AIC Sec. Investig. Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995), and the individual State Defendants are not. *See Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) (holding that the ADA "provides only for employer, not individual, liability" and that "a supervisor cannot be held liable in his individual capacity under the ADA or under Title VII").

Turning to the Title II ADA and Rehabilitation Act claims, such claims are governed by Indiana's two-year statute of limitations for personal injury claims.[4] *See Strominger v. Ind. Dep't of Corrs.*, 2014 WL 2452967, at *2 (S.D. Ind. June 2, 2014). To the extent Plaintiff's Title II ADA (and Rehabilitation Act) claims are based on conduct that occurred more than two years before he filed suit, that is before June 28, 2013, they would be time-barred.

Plaintiff argues that Defendants need not be employers to discriminate under Title II or Title V of the ADA.[5] But no claim can be brought under either of those titles of the

---

[4] Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.
[5] Title V provides that "[a]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such

14

ADA or under the Rehabilitation Act against a defendant in his or her individual capacity. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) (stating that "[t]he district court was also correct to dismiss [the individual defendants] in their individual capacity for the discrimination and retaliation claims arising directly under the Rehabilitation Act and the ADA"); *Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010) (holding no individual liability under the ADA's retaliation provision); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) ("[A]s a rule, there is no personal liability under Title II."). Title II concerns public entities, which the individual State Defendants are not. And although Title V states that "no person shall," *see* 42 U.S.C. § 12203, which may suggest that an individual can he held liable; such an interpretation does not comport with congressional intent and therefore an individual cannot be held liable under Title V. *Spiegel*, 604 F.3d at 79-80.

Straw brings the constitutional tort claims (alleged violations of due process, equal protection, and the First Amendment) against the State Defendants pursuant to 42 U.S.C. § 1983, which provides a private cause of action to redress violations of federal rights by persons activing under color of state law. Neither a State nor State officials acting in their official capacities are considered "persons" under Section 1983, however. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). And the Eleventh

---

individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203.

Amendment bars suits for damages against the Indiana Supreme Court and the individual defendants sued in their official capacities. *Id.* ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the Sttate itself."); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98 (1984) (stating that the Eleventh Amendment immunizes an unconsenting State from suits for damages); *Crenshaw v. Supreme Court of Ind.*, 170 F.3d 725, 726 (7th Cir. 1999) (dismissing action against the Supreme Court of Indiana "because the Eleventh Amendment bars suit against them in federal court").

*Conclusion*

*Plaintiff's Motion for Recusal* [dkt. 36] and *Motion for Leave to Amend* [dkt. 42] are both **DENIED**.

**SO ORDERED THIS DATE:** 12/23/2015

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record